UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAHRA ABOUTALEBI,<br><br>    *Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF STATE *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-2605 (TJK) |

**MEMORANDUM OPINION**

Zahra Aboutalebi, an Iranian citizen, brought this action to challenge Defendants' failure to adjudicate her visa application; she also alleged that any later denial would be unlawful. She subsequently moved for a preliminary injunction to compel Defendants to adjudicate her application. Defendants have since denied her application. For that reason, they argue that the Court lacks subject-matter jurisdiction because Aboutalebi's claims are either moot or unreviewable under the doctrine of consular nonreviewability. As explained below, the Court agrees and will dismiss the case for lack of subject-matter jurisdiction.

**I.    Background**

    **A.    The Complaint**

Aboutalebi is an Iranian citizen pursuing a Doctor of Juridical Science at Harvard Law School. ECF No. 1 ("Compl.") ¶ 2. She began her studies in 2013 and was scheduled to resume them in fall 2018. *Id.* ¶ 6. To do so, she needed a J-1 Visa, which she applied for at the U.S. Embassy in London in May 2018. *Id.* ¶¶ 13, 24. By August of the following year, her application was allegedly still "in administrative processing pending final adjudication." *Id.* ¶ 25. And with the start of the next school year approaching, she sued the Department of State,

Michael Pompeo in his official capacity as Secretary of State, the U.S. Embassy and Consulate in London, and Karen Ogle in her official capacity as Consular General at the U.S. Embassy in London. *Id.* ¶¶ 7–10, 19. She alleges that Defendants were unreasonable in delaying her visa because they inappropriately applied "President Trump's extreme vetting policy" to her. *Id.* ¶¶ 42–44. She claims this delay jeopardizes her ability to complete her studies and will cause her to lose scholarships and grants. *Id.* ¶¶ 54–60.

Aboutalebi asserts five causes of action. Counts I and II allege that the government acted unlawfully in various ways by delaying the adjudication of her application. *Id.* ¶¶ 72–92. Count III asks the Court to declare that she is eligible for a visa and to "order the Defendants to adjudicate and promptly issue the J-1 Visa to the Plaintiff." *Id.* ¶¶ 93–95. Count IV preemptively alleges that any subsequent adverse final decision on her application would be "a retaliatory act designed to moot this lawsuit and avoid judicial review" in violation of the Administrative Procedure Act (APA). *Id.* ¶¶ 96–102. And Count V alleges that Defendants violated the APA by not allowing counsel to appear with her during various stages of the application process. *Id.* ¶¶ 103–116.

**B.    Aboutalebi's Motion for a Preliminary Injunction**

About two weeks after filing suit, Aboutalebi moved for a preliminary injunction, or, in the alternative, for a temporary restraining order. ECF No. 4.[1] In her motion, she reiterated that "[s]he [would] lose her position as an S.J.D. Candidate as well as her grants and scholarships, if Defendants do not promptly issue her J-1 visa." ECF No. 4-1 at 2. And she specifically asked

---

[1] The Court denied her motion to the extent that it sought a temporary restraining order, finding that she had failed to show why she was "likely to suffer irreparable harm absent judicial intervention before the Court resolves the motion for preliminary injunction." Minute Order of September 11, 2019.

this Court "to direct the Defendants to immediately complete the processing of her J-1 visa . . . so that she can travel to the U.S. and continue her S.J.D. program without further harm or interruption." *Id.* Defendants opposed the motion, arguing in part that the doctrine of consular nonreviewability barred judicial review of these matters. ECF No. 7 ("Opp'n") at 10–13 (citing in part *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158–60 (D.C. Cir. 1999)). And in response, Aboutalebi argued that that doctrine—even assuming it existed—did not apply in her case because Defendants had not finally adjudicated her visa. ECF No. 8 ("Reply") at 5 (citing in part *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 284 (D.D.C. 2016)).

### C. Defendants' Denial of Aboutalebi's Visa Application

In responding to Aboutalebi's motion, Defendants were unclear about the precise status of her application. On the one hand, in addition to arguing that her claims were barred by the doctrine of consular nonreviewability, Defendants argued that they were moot because a decision on her application had already been rendered. *See* Opp'n at 13–14. On the other hand, Defendants represented that the State Department "expect[ed] that a consular officer in the U.S. Embassy in London [would] further adjudicate Plaintiff's visa application in the next month." *Id.* at 3 (noting also that Aboutalebi's "application remains refused"). In any event, in response to an Order from the Court, they subsequently reported that the U.S. Embassy in London had notified Aboutalebi that she had been found "ineligible for a visa under Section 212(f) of the Immigration and Nationality Act, pursuant to Presidential Proclamation 9932." ECF No. 9 at 1. That proclamation suspended entry into the United States for senior Iranian government officials and their immediate family members. Suspension of Entry as Immigrants and Nonimmigrants of Senior Officials of the Government of Iran, Proclamation 9932, 84 Fed. Reg. 51,935 (Sept. 25,

3

2019). The notification letter sent to Aboutalebi explicitly referenced the proclamation and made clear that the decision was "final" and could not be appealed. ECF No. 9-1.

The Court then ordered both parties to file supplemental briefing addressing whether these developments affected the Court's jurisdiction or otherwise precluded judicial review. Minute Order of November 6, 2019. Aboutalebi filed a supplemental brief in support of her motion for a preliminary injunction, ECF No. 10 ("Supp. Br."); Defendants' filed a supplemental opposition, ECF No. 11 ("Supp. Opp'n"); and Aboutalebi replied, ECF No. 12 ("Supp. Reply").

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction," and they must assume that they lack subject-matter jurisdiction over a claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting subject-matter jurisdiction bears the burden of demonstrating it by a preponderance of the evidence. *Stephens v. United States*, 514 F. Supp. 2d 70, 72 (D.D.C. 2007). And under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

## III.   Analysis

The Court's analysis starts and ends with subject-matter jurisdiction. Because the Court lacks jurisdiction over each of Aboutalebi's claims in the complaint, it must dismiss this case in its entirety.

### A.   Counts I–III and V

Federal courts lack subject-matter jurisdiction to hear claims that are moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). A case is moot if "a party has already 'obtained all the relief that [it has] sought.'" *Conservation Force*, 733 F.3d at 1204 (alteration in original) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)). In

addition, a "case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Transwestern Pipeline Co. v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990).

Defendants argue that the first, second, third (in part) and fifth counts in Aboutalebi's complaint, *see* Compl. ¶¶ 72–92, 95, 103–116, are moot because the U.S. Embassy in London recently issued a final decision denying her visa application. *See* Supp. Opp'n at 3–5. The Court agrees. Aboutalebi's first two counts—and part of her third—complain that Defendants have not adjudicated her visa. Defendants have now done that. *See* ECF No. 9-1. Thus, she has received the precise relief she sought, and these claims must be dismissed as moot. In her fifth count, she asserts that Defendants violated the APA by not allowing counsel to appear with her during various stages of the application process. That claim is also moot, because the application process has concluded, nothing in the record suggests that additional interviews—or proceedings of any kind—are likely, and, as discussed below, the Court may not disturb the result of the now-concluded process. As a result, a decision on that claim would "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," *Transwestern Pipeline Co.*, 897 F.2d at 575.[2]

---

[2] The Court notes that Aboutalebi has not argued that any exception to the mootness doctrine applies. As the party defending against a mootness challenge, Aboutalebi "bears the burden of showing an exception applies." *Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010). She has not alleged, for example, that this claim is subject to the "capable of repetition yet evading review" exception to the mootness doctrine. *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009). Neither has she pleaded facts to suggest that she will experience a continuing or future injury such that she could continue to seek declaratory relief. *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1428–30 (D.C. Cir. 1994). For example, she did not allege in the complaint that she planned to apply for another visa if her application were denied, nor has she indicated, in any later filing, any plans to do so.

B.     Counts III and IV

Under the doctrine of consular nonreviewability, federal courts lack subject matter jurisdiction over a consular official's decision to issue or withhold a visa. As the D.C. Circuit has explained, "a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise." *Saavedra Bruno*, 197 F.3d at 1159. The doctrine operates out of respect for "the political nature of visa determinations," *id.*, and acknowledges that "[c]onsular officers have complete discretion over issuance and revocation of visas," *id.* at 1158 n.2. It "predates passage of the APA," and therefore "represents one of the 'limitations on judicial review' unaffected by [5 U.S.C.] § 702's opening clause granting a right of review to persons suffering 'legal wrong' from agency action." *Id.* at 1160. The doctrine sweeps wide and deep. It precludes judicial review "even where it is alleged that the consular officer failed to follow regulations, where the applicant challenges the validity of the regulations on which the decision was based, or where the decision is alleged to have been based on a factual error." *Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 4 (D.D.C. 2009) (quoting *Chun v. Powell*, 223 F. Supp. 2d 204, 206 (D.D.C. 2002)). And if Aboutalebi's "claims are barred by the doctrine of consular non-reviewability," then "the Court has no subject-matter jurisdiction to hear the case." *Jathoul v. Clinton*, 880 F. Supp. 2d 168, 172 (D.D.C. 2012); *see also Singh v. Tillerson*, 271 F. Supp. 3d 64, 72 (D.D.C. 2017).

Aboutalebi preemptively alleges in her complaint that any later denial of her visa application would violate the APA. Compl. ¶¶ 97–100. In part of count three and count four, she asks the Court to declare that she is, in fact, entitled to a visa. *Id.* ¶¶ 94, 102.[3] But under the

---

[3] Aboutalebi also asks that Defendants be ordered to "allow her to attend Harvard Law School without further delay or arbitrary and capricious interruptions" if they should deny her application. *Id.* ¶ 101. But to the extent that she asks the Court to order Defendants to issue her

6

doctrine of consular nonreviewability, the Court lacks subject-matter jurisdiction to review Defendants' decision to deny her application, and these claims must be dismissed.[4]

Aboutalebi makes several attempts to sidestep this doctrine.[5] First, she appears to question its force by arguing that the Supreme Court has neither endorsed the doctrine nor applied it to dismiss a case for lack of jurisdiction. *See* Supp. Br. at 2. She also points to *Trump v. Hawaii*, *id.*, in which the Supreme Court "assume[d] without deciding that plaintiffs' statutory claims are reviewable, notwithstanding consular nonreviewability or any other statutory nonreviewability issue," 138 S. Ct. 2392, 2407 (2018). But the Court may not so gingerly leapfrog controlling precedent. "[D]istrict judges, like panels of [the D.C. Circuit], are obligated to follow controlling circuit precedent until either [the Circuit], sitting en banc, or the Supreme Court, overrule it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). And an intervening Supreme Court decision "effectively overrules" controlling precedent only if it "eviscerates" the prior precedent such that the two cases are "incompatible." *Perry v. Merit Sys. Prot. Bd.*, 829 F.3d 760, 764 (D.C. Cir. 2016) (quoting *United States v. Williams*, 194 F.3d 100,

---

a visa, it has no power to do so. *City of New York v. Baker*, 878 F.2d 507, 512 (D.C. Cir. 1989) ("This circuit has recognized, as has every other circuit to consider the issue, that the courts are without authority to displace the consular function in the issuance of visas.").

[4] Even if the Court could somehow review the decision to deny her visa application, it would still have to dismiss the case for lack of standing. *Van Ravenswaay*, 613 F. Supp. 2d at 5 (noting the "long line of cases explaining that non-resident aliens lack standing to challenge the determinations associated with their visa applications, which belong to the political and not judicial branches of government").

[5] Aboutalebi has not argued that any of the very narrow exceptions to the doctrine apply in her case. *See Baan Rao Thai Rest. v. Pompeo*, No. CV 19-0058 (ESH), 2019 WL 3413415, at *3 (D.D.C. July 29, 2019) (discussing exceptions); *see also Udugampola v. Jacobs*, 795 F. Supp. 2d 96, 103 (D.D.C. 2011) (noting that "this Circuit has been very clear that the doctrine of consular nonreviewability is the rule not the exception").

105 (D.C. Cir. 1999)), *rev'd on other grounds*, 137 S. Ct. 1975 (2017). Whatever may be said of the above language in *Trump v. Hawaii*, it does not "eviscerate" *Saavedra Bruno*, which continues to be applied by other courts in this District. *See, e.g.*, *Rohrbaugh v. Pompeo*, 394 F. Supp. 3d 128, 131 (D.D.C. 2019).

Aboutalebi's other arguments fare no better. She spends considerable time explaining why Defendants' denial is unlawful. For example, she argues that Proclamation 9932 is not a valid basis to deny her visa application because it concerns "suspension of entry," which she argues is separate from a finding of ineligibility for a visa. *See* Supp. Br. at 3–5; Supp. Reply at 2–4. The proclamation, she argues, "temporarily pauses the physical entry of a class of aliens," but it does not render them "ineligible for a visa." *See* Supp. Br. at 4. But that distinction, even if accurate, makes no difference here, because Aboutalebi's claims challenge the reason for the denial of her specific visa application, which is prohibited by the doctrine. *Saavedra Bruno*, 197 F.3d at 1160.

Aboutalebi also argues that a consular officer did not make the decision in her case, and as a result, it is not covered by the doctrine. *See* Supp. Br. at 10. But Defendants represent that her "visa application was finally adjudicated by a consular officer in the Nonimmigrant Visa Unit of the U.S. Embassy in London," Supp. Opp'n at 7, and there appears no reason to question their representation. Indeed, by law consular officers are the only persons empowered to issue or deny J-1 visas. *See* 8 U.S.C. §§ 1101(a)(9), 1103(a)(1), 1104(a), 1201(a)(1); 22 C.F.R. § 41.111; *see also Garcia v. Baker*, 765 F. Supp. 426, 428 (N.D. Ill. 1990) ("Neither the Attorney General nor the Secretary of State can require consular officers to grant or deny visa applications, and they are without power to issue visas."); *Shen v. U.S. Consulate Gen. at Shanghai*, 866 F. Supp. 779, 780 (S.D.N.Y. 1994). Aboutalebi pivots in her Supplemental Reply to argue that a

8

consular officer could not have adjudicated her application because the proclamation instructs that "the Secretary of State, or the Secretary's designee" must identify persons covered by the proclamation. Supp. Reply at 5. But there is no reason why the Secretary could not have designated a consular officer to do so. And even if the Secretary or some other official identified persons covered by the proclamation, there remains no reason to doubt, as Defendants represent, that a consular officer made the subsequent decision regarding Aboutalebi's specific visa application. Thus, the Court lacks the power to review it. *Saavedra Bruno*, 197 F.3d at 1160.

Aboutalebi also argues that her case is distinguishable from *Saavedra Bruno* because, unlike in that case, "the alleged basis of ineligibility is not a statutory basis for ineligibility at all." Supp. Br. at 10. But, as Defendants point out, the reasoning supporting the doctrine is not so cabined. *See* Supp. Opp'n at 7–8. The doctrine is grounded in deference to the political branches' power to determine who may enter the country. *Saavedra Bruno*, 197 F.3d at 1158–59. As the *Saavedra Bruno* court instructed, it is "not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien." *Saavedra Bruno*, 197 F.3d at 1159 (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950)). Aboutalebi has not pointed to any law that would permit this Court to review her visa denial.

Finally, Aboutalebi argues that her father is not a "senior official of the Government or Iran" under Iranian law and that she is not his "immediate family member" as properly understood under U.S. law. *See* Supp. Br. at 5–8, 10–11. For that reason, she argues, the proclamation does not apply to her. *Id.* at 11. But again, Aboutalebi asks the Court to do what it cannot: review a consular officer's adjudication, whatever its underlying merits. *Chun*, 223 F. Supp. 2d at 206.

## IV. Conclusion

Since Aboutalebi filed her complaint, Defendants have denied her visa application, mooting several of her claims. And under controlling precedent, the Court cannot review that final decision under the doctrine of consular nonreviewability. For these reasons, the Court thus lacks subject-matter jurisdiction over her case and must dismiss it. A separate order will issue.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 18, 2019